May it please the court. William Leffel for the appellant Hillard Martin. Mr. Martin's case, the issue is whether Mr. Martin, who was wearing military camouflage pants and a maroon hoodie and fleeing from the police, threw a gun as he fled. The government's key witness, Colin White, testified that he saw the appellant, Hillard Martin, throw an object into some leaves and this object was a maroon hoodie. Without crediting this evidence, this testimony, there is no evidence that would tie Mr. Martin to the gun. Appellant respectfully submits that White's testimony is exceedingly improbable where key parts of his testimony are contradicted by extrinsic evidence and another credible witness. Now we realize the burden that we face in this case which is nearly insurmountable, arguing credibility of a witness and insufficiency of the evidence. And as pointed out by the government in citing to the cases of United States v. Kuczynski and United States v. DeCourt, that an argument where we argue that a judge shouldn't have credited the testimony of a witness is doomed from the outset. But to go on to the full quote and DeCourt, it's doomed at the outset when a trial judge's finding is based on his decision to credit the testimony of one or two more witnesses, each of which is hold a coherent, plausible story that is not contradicted by extrinsic evidence. And this is a rule or this is an exception that is also affirmed by United States v. Jensen and Cardona Rivera, where an appellate court can't reverse a finding of fact or credibility made by a trial court where the testimony heard by the trial court when reviewed is exceedingly improbable. In the case of Mr., in the Martin, we refer to other observations he made about some rather significant large things. These are not insignificant or non-existent. The Mr. Colin Martin, a plumber, was parked in a small parking lot of a business known as Vega's, just south of West Market Street in Bloomington, Illinois. He testified that from where he was sitting, he could see the entire parking lot. He testified that there was no police car in the parking lot. Now on page 208 of the trial transcript, he waffled on that for a bit. He said he couldn't be sure, but the trial counsel, Mr. Alvarado, pinned him down on this, asking him specifically if he was, if the police car, the squad car, that you say went east on Market Street towards the two men and then slowed down, you didn't see that squad car come from the Vegas parking lot, did you? And he said no. So the squad car that stopped or attempted to stop Mr. Martin did not come from the Vegas parking lot. Everything that Mr. Colin White testified to that could be corroborated by either the poll camera, government exhibit number two, or the testimony of Officer Bryce Stanfield was inconsistent and contradicted. Mr. Martin, well not quite everything, because Mr. White testified he saw two black males walk from the red and blue parking lot on the north side of West Market Street across the street. That's not uncontradicted, it's not contradicted what my client was wearing. Where we run into the problems is the initial attempt to stop. This squad car, which is clearly coming from the Vegas parking lot in the video. He testified. Counselor, did Mr. White have any particular reason to be focused on what was happening until the defendant ran by him? I can't speak for Mr. White. I know that there's some testimony wasn't really paying that much attention. He was looking to the left. Sure. Towards where the initial stop would have occurred, but he's very clear that that squad car did not come from the parking lot. It was going down West Market Street. He testified that that squad car did not stop. It slowed down. The two men began to run. We know from the testimony of course of Officer Stanfield that he actually turned right onto Howard, which is something that White also says he didn't see. He stopped. He got out of his car. He walked to the back and only one of the men ran and then ran to the West. It's not a lot to work with, but it is an inconsistency. It is, it does go towards Mr. White's ability or credibility, ability to observe, and if we can't believe Mr. White about the big things, how can we believe him about the little things? I thank you. If there's no further questions, I'll save my time for rebuttal. All right. Thank you, Mr. Lothar. Ms. DeCarla? Good morning, and may it please the court. I am Meredith DeCarlo on behalf of the United States of America. Unless there are any questions, we would rest on our brief. All right. Apparently not. Okay. Thank you. Well, in that case, Lothar, you have no need to rebut in light of the government's position. All right, the case is taken under advisement.